UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVTAR SINGH,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02838-JNW<br><br>ORDER GRANTING HABEAS PETITION |

This matter comes before the Court on Petitioner Avtar Singh's Petition for a Writ of Habeas Corpus, Dkt. No. 1, and Motion for Temporary Restraining Order, Dkt. No. 8. Having reviewed the petition, Respondents' return, Dkt. No. 11, the traverse, Dkt. No. 14, and all other supporting materials, the Court GRANTS the petition for the reasons stated below.

## 1. BACKGROUND

Avtar Singh is a 54-year-old citizen of India held by Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC"). Dkt. No. 1 ¶¶ 2, 6. He has lived in the United States for over three decades. *Id.* ¶ 3. His wife and their two children are American citizens. *Id.* ¶ 2.

Singh entered the United States without inspection in 1992. *Id.* ¶ 2; Dkt. No. 12 ¶ 5. He applied for relief with the Immigration and Naturalization Service ("INS") on October 22, 1992. Dkt. No. 12 ¶ 6. Six years later, INS issued a Notice to Appear ("NTA") charging Singh as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)—a noncitizen present in the United States without being admitted or paroled. *Id.* ¶ 8. On May 16, 2005, an Immigration Judge ("IJ") denied Singh's application for relief. *Id.* ¶ 10. Singh pursued other relief for the next decade, but his removal order became final on August 7, 2014. *Id.* ¶¶ 10–28. On October 13, 2016, ICE released him on an Order of Supervision ("OSUP"). Dkt. No. 13-6. Singh kept seeking relief over the next decade. His latest motion to reopen, filed on November 12, 2025, remains pending. Dkt. No. 12 ¶¶ 26–32.

On May 12, 2026, Singh reported for a check-in, and ICE revoked his OSUP and took him into custody. *Id.* ¶ 33; Dkt. No. 13-7. The Honorable Brian A. Tsuchida granted Singh's habeas petition on June 9, 2026, and ordered Respondents to release Singh within 24 hours and prohibited them from re-detaining him "for invalid reasons or no reason at all." *Singh v. Mullin*, No. 2:26-CV-01741-BAT, 2026 WL 1660469, at *2 (W.D. Wash. June 9, 2026). ICE released Singh on a new OSUP. Dkt. No. 13-9.

On August 3, 2026, ICE re-detained Singh at NWIPC. Dkt. No. 1 ¶ 6. Respondents say they re-detained him because, "Petitioner has a final order of removal, a valid travel document in ERO possession, and [ICE] discovered that Petitioner had a misdemeanor charge for Assault in the Fourth Degree." Dkt. No. 12 ¶ 40. Singh says he was arrested but never charged. Dkt. No. 1 ¶¶ 7–8. The county

court docket he submitted shows the matter was closed on August 4, 2026, with no charges filed. Dkt. No. 14-1. ICE told Singh he would get an informal interview on August 5, 2026, but he was not given one until ten days after his re-detention. Dkt. No. 12 ¶¶ 41, 43, 45.

## 2. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *See Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

## 3. DISCUSSION

### 3.1 Respondents' argument under 8 U.S.C. § 1231(a)(1) does not answer Singh's claim.

Respondents argue that Singh is lawfully detained because he is within a restarted 90-day removal period under 8 U.S.C. § 1231(a)(1). Dkt. No. 11 at 6–7. Singh disputes that the removal period has restarted. Dkt. No. 14 ¶ 16. The Court need not resolve that dispute. Whether ICE has authority to detain Singh and whether it lawfully exercised that authority when it moved him from supervised release to custody are different questions, and Singh's claim is about the second. "[T]he mere fact that the government has the authority to detain someone does not

mean that it may do so in any manner it chooses, without affording due process." *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 157 (W.D.N.Y. 2025).

**3.2 Singh's re-detention and OSUP revocation violated due process.**

As Respondents outline in their return, revocation of an OSUP is governed by 8 C.F.R. §§ 241.13(i), 241.4(l), and may occur either: (1) if the noncitizen violates any of the conditions of release, *id.* §§ 241.13(i)(1), 241.4(l)(1); or (2) if it is determined "that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2); Dkt. No. 11 at 7. The regulations provide that "[u]pon revocation," the noncitizen "will be notified of the reasons for revocation" and "will be afforded an initial informal interview promptly after his or her return to Service custody[.]" 8 C.F.R. § 241.4(l)(1). During that interview, the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she [will] be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." *Id.* § 241.13(i)(3). "The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.* These regulations exist to give noncitizens the due process protections courts have found the Constitution requires. *Yang v. Scott*, No. 2:26-cv-00469-JNW, 2026 WL 632661, at *3 (W.D. Wash. Mar. 6, 2026); *Hassan v. Blanche*, No. C25-2444-KKE, 2026 WL 2137283, at *9 (W.D. Wash. July 24, 2026).

Singh contends that Respondents violated his right to due process because he received no notice before his re-detention nor an opportunity to be heard before a neutral adjudicator. Dkt. No. 1 ¶¶ 65–71. The Court need not decide how much process the Constitution required, because Respondents did not provide even the process their own regulations require. Respondents hold Singh to his burden, Dkt. No. 11 at 9, but they acknowledge they "currently do not possess evidence to demonstrate that the revocation of Petitioner's most recent release complied with the regulations or with due process." *Id.* at 8. The record shows what happened, and what happened does not comply.

Respondents' declarant states that ICE served Singh a notice of revocation on August 3 telling him he would receive an informal interview on August 5. Dkt. No. 12 ¶ 41. ICE's records "do not indicate" that any interview happened that day. *Id.* ¶ 43. ICE interviewed Singh on August 13. *Id.* ¶ 45; Dkt. No. 13-11. An interview on day ten is not an interview "promptly after" return to custody. 8 C.F.R. § 241.13(i)(3). Respondents' own notice shows what ICE understood "promptly" to mean: two days. *See* Dkt. No. 12 ¶ 41. ICE missed its own deadline by more than a week. And the interview exists so the noncitizen can respond to "the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). The reason Respondents identify was a misdemeanor charge. Dkt. No. 12 ¶ 40. By the time ICE interviewed Singh, the county court had already closed that matter without filing charges. Nor does the record show the "evaluation of any contested facts" the regulation requires. 8 C.F.R. § 241.13(i)(3). Respondents describe an interview at which Singh said nothing; they describe no evaluation, no findings, and no decision.

Dkt. No. 12 ¶ 45. The delay cannot be cured now. The time for a prompt interview has passed. *Yang*, 2026 WL 632661, at *4.

"Because it is undisputed that federal agencies must follow their own regulations" and that the Government cannot show it has done so here, the Court concludes that Singh's detention is unlawful and violates his constitutional right to due process. *Hernandez-Munoz v. Scott*, No. C26-964-KKE, 2026 WL 1102161, at *3 (W.D. Wash. Apr. 23, 2026); *Hassan*, 2026 WL 2137283, at *9 (holding "that Petitioner's re-detention violated ICE's regulations and thus Petitioner's constitutional right to due process."); *Ceesay*, 781 F. Supp. 3d at 166 ("[B]ecause ICE did not follow its own regulations in deciding to re-detain [Petitioner], his due process rights were violated, and he is entitled to release.").

The appropriate remedy for the violation of Singh's constitutional rights is release from custody. *See Mateo Juan v. Noem*, No. C26-0447-KKE, 2026 WL 607714, at *3 (W.D. Wash. Mar. 4, 2026); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) ("Numerous district courts, including courts in the Ninth Circuit, have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.") (citation modified). Singh asked in the alternative for a hearing within seven days, Dkt. No. 14 ¶ 24, but the defect here is a step Respondents concede they cannot show they took, and keeping Singh detained while they take it now would reward the omission.

The Court GRANTS the habeas petition on this basis and declines to address the remaining grounds in the petition.

## 4. CONCLUSION

Accordingly, the Court ORDERS:

1. The Petition for a Writ of Habeas Corpus is GRANTED, Dkt. No. 1.
2. Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to the conditions of his prior OSUP.
3. Petitioner may not be re-detained unless Respondents comply with 8 C.F.R. §§ 241.13(i), 241.4(l).
4. Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.
5. Given this resolution, Singh's motion for a temporary restraining order asking the Court to enjoin Respondents from removing Singh or transferring him outside of this jurisdiction while this habeas petition is pending, Dkt. No. 8, is DENIED as MOOT.

Dated this 4th day of September, 2026.

Jamal N. Whitehead
United States District Judge